# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Christopher C. BUSH
### Machinery Technician Second Class (E-5), U.S. Coast Guard

### CGCM 0308
### Docket No. 1397

### 28 January 2016

General Court-Martial convened by Commander, Eighth Coast Guard District.  Tried at New Orleans, Louisiana, and Norfolk, Virginia, on 10 October & 26 November 2013, and 21 January & 07 March 2014.

| | |
|---|---|
| Military Judge: | Captain Christine N. Cutter, USCG |
| Trial Counsel: | LCDR Damian Yemma, USCG |
| Assistant Trial Counsel: | LCDR Angela R. Holbrook, USCG |
| Defense Counsel: | LT Justin R. Jolley, USCG |
| Assistant Defense Counsel: | LCDR Andrew S. Myers, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |
| | Mr. Stephen P. McCleary |

### BEFORE
### McCLELLAND, BRUCE & JUDGE
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of rape, and three specifications of abusive sexual contact, all in violation of Article 120, Uniform Code of Military Justice (UCMJ); and one specification of possessing child pornography, such conduct being of a nature to bring discredit upon the armed forces, in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for six years, forfeiture of all pay and allowances, reduction to E-1, and a dishonorable discharge.  The Convening Authority approved the sentence.  The pretrial agreement did not affect the sentence.

Before this court, Appellant has assigned the following errors:

I.  The Convening Authority's action did not give sentence credit for 321 days of pretrial confinement credit awarded at trial.

II.  While in pretrial confinement, the Appellant was comingled with post-trial prisoners and was ordered to identify himself as "prisoner" rather than by his proper military title.

The Government concedes that the credit awarded at trial should be stated in the Convening Authority's action. We will direct a new Convening Authority's action, reflecting the 321 days of credit.

Concerning the second issue, Appellant sought additional confinement credit at trial based on his treatment in pretrial confinement, specifically in that he was held in maximum confinement for a lengthy period; he was granted forty-two days of credit as a remedy. In the course of litigating that motion, he did not seek credit for the later treatment of which he now complains, although some of it was mentioned in testimony. Where an issue of pretrial punishment is not raised at trial, the matter is reviewed for plain error. *United States v. Crawford*, 62 M.J. 411, 414 (C.A.A.F. 2006) (citing *United States v. Inong*, 58 M.J. 460, 465 (C.A.A.F. 2003)). We agree with the Government that Appellant failed to raise the issue at trial. Before this Court, Appellant has not established plain error; no relief is warranted.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed. A new action and promulgating order shall be issued reflecting the sentence credit.

For the Court,

Sarah P. Valdes
Clerk of the Court